UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH LESLEY                          *    CIVIL ACTION

VERSUS                                  *    NO. 10-701

N. BURL CAIN, WARDEN                    *    SECTION "B"


ORDER AND REASONS

Before the court is Petitioner Kenneth Lesley's objections to the January 27, 2011 Report and Recommendation of United States Magistrate Judge Chasez, who recommended that the petition for 28 U.S.C. §2254 habeas relief be dismissed with prejudice. (Rec. Doc. 14, 15). For the reasons that follow, Petitioner's motion for relief is **DENIED WITH PREJUDICE.**[1]


**I. Standard of Review for 28 U.S.C. §2254 to vacate, set aside, or correct sentence by a person in federal custody.**

Petitioner filed for federal habeas relief on February 23, 2010, asserting the same claims as the June 2007 state application for post conviction relief. He has apparently exhausted state remedies on all claims raised in the federal petition, as required by 28 U.S.C. 2254(b) and (c). Therefore his case is governed by the provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became

---

[1]We are grateful for the work on this case by Ashley J. Heilprin, a William & Mary School of Law extern with our chambers.

effective on April 24, 1996. *Hill v. Johnson,* 210 F.3d 481, 485 (5th Cir. 2000). Amended subsections 2254(d)(1) and (2) contain revised standards of review  for questions of fact, questions of law, and mixed questions of fact and law. *Id.*

Federal courts must defer to the state court's decision regarding questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). See *Bell v. Cone,* 535 U.S. 685 (2002). A federal court will give deference to the state court's determination of questions of fact unless the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2). Thus, factual determinations made by the state court shall be presumed correct unless rebutted by "clear and convincing evidence". *Williams v. Cain*, 125 F.3d 269 (5th Cir. 1997). Accordingly, if the state record is sufficient to dispose of the issues, a federal district court need not conduct an evidentiary hearing. *Joseph v. Butler*, 838 F.2d 786 (5th Cir. 1988).

## II. Timeliness

Under 28 U.S.C. §2244(d)(1), state prisoners have one year from the date that their convictions become final to timely seek

federal habeas corpus relief. Section 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief or other collateral review with respect to the pertinent judgment is pending is not counted against the one-year limitation period.

On October 3, 2005, the United States Supreme Court denied Petitioner's application for writ of certiorari. *Lesley v. Louisiana,* 546 U.S. 878, 126 S.Ct. 124, 163 L.Ed.2d 176(2005). Both parties agree that for AEDPA purposes petitioner's conviction became final on October 3, 2005. Under §2244(d) petitioner had until October 3, 2006 to timely seek federal relief unless the one-year time period was tolled by pendency of a properly-filed application for post-conviction relief or other collateral review.

On March 21, 2006, an atypical post-conviction application was filed with the state district court on petitioner's behalf. The application was atypical in that it was signed by counsel, but the 57-page supporting memorandum was written by petitioner. Due to the hybrid nature of the application, the district court requested that counsel redraft the application "to clarify the arguments." Pursuant to the court's directive counsel submitted another post-conviction application and supporting memorandum to the district court on June 6, 2007, and this later filed application was ultimately considered and rejected by the district court.

The state argues that because the state district court did not

3

consider the first post-conviction application, filed March 21, 2006, it should not be considered to have been properly filed for purposes of interrupting prescription under §2244(d)(2). Furthermore, the state argues that because the July 27, 2006 motion for production of documents did not interrupt the running of prescription and were the only pleadings filed during the one-year prescriptive period, the statute of limitations expired on or about October 5, 2006.

AEDPA's one-year limitation period is tolled for the time during which a properly filed application for state post-conviction relief or other collateral review is pending in a state court. 28 U.S.C. 2244(d)(2). Under 28 U.S.C. 2244(d)(2) a matter is pending as long as the ordinary collateral review process is in continuance. *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

The only filings made by petitioner within the one year period following his conviction and sentence were the March 21, 2006 application for post-conviction relief, and the July 27, 2006 motion for production of documents. The state contends that that neither the application for post conviction relief nor the motion for production of documents interrupted the AEDPA filing period for

4

the reasons asserted above. It is not clear, however, that

petitioner's March 21, 2006 post-conviction application did not

toll prescription.

Magistrate Judge Chasez stated in her January 27, 2011 Report

and Recommendation:

> "[t]he fact that the district court requested that
> counsel redraft the application 'to clarify the
> arguments' does not mean that the original, March 21,
> 2006 application ran afoul of any state procedural rule
> and, as such, should not be considered to have been
> properly filed. The State cites no case law to support
> its argument that Lesley's March 21, 2006 post-conviction
> application did not toll prescription and this Court has
> not found any case law applicable to the unique facts of
> the instant situation.
>
> Assuming that Lesley's March 21, 2006 post-conviction
> application did, in fact, interrupt prescription, there
> is no question that the instant habeas action was timely
> filed. Accordingly, this Court will proceed to address
> the merits of Lesley's claims..."

(Rec. Doc. 14).

This Court agrees with the Magistrate Judge's well-reasoned

analysis here and will therefore proceed to examine the merits.


## III. Sufficiency of Evidence

The Due Process Clause of the Fourteenth Amendment permits the

conviction of a criminal defendant only when the state proves every

necessary fact "beyond a reasonable doubt." *Gibson v. Collins*, 947

F.2d 780, 781 (5th Cir. 1991). In seeking federal habeas relief,

petitioner contends that the evidence is insufficient to support a

5

state court conviction. Specifically, petitioner argues that his alcohol intoxication impaired him such that he could not form the requisite specific intent to kill or inflict great bodily harm.

Thus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id., quoting Jackson v. Virginia,* 443 U.S. 307, 319. Therefore, federal habeas relief is appropriate only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *West v. Johnson*, 92 F.3d 1385, 1393 (5th Cir. 1996).

The *Jackson* standard is applied with explicit reference to the substantive elements of the criminal offense as defined by state law. *Jackson,* 443 U.S. at 323 n.16. The federal court must review the evidence and the reasonable inferences in the light most favorable to the state, *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789, and give great weight to the state court's determination. *Porretto,* 834 F.2d at 467. *Gibson v. Collins*, 947 F.2d 780, 781-82 (5th Cir. 1991). Either direct or circumstantial evidence can contribute to the sufficiency of the evidence underlying the conviction. *Schrader v. Whitley,* 904 F.2d 282 (5th Cir.1990), citing *Jackson*, 443 U.S. at 319, 324-25; *Pate v. Wainwright,* 607 F.2d 669, 670 (5th Cir.1979) (*per curiam*). Review of the sufficiency of evidence does

not include review of the weight of the evidence nor the credibility of the witnesses; those determinations are the exclusive province of the jury. *United States v. Young*, 107 Fed. Appx. 442, 443 (5th Cir. 2004).

Petitioner was convicted of second-degree murder, defined as "the killing of a human being when the offender has the specific intent to kill or inflict great bodily harm." La.R.S. 14:30.1(A)(1). "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La.R.S. 14:10(1). Specific criminal intent may be inferred from the circumstances present in the case and the actions of the petitioner. *State v. Reed*, 809 So. 2d 1261, 1266 *writ denied,* 842 So. 2d 391(La. 2003) *citing State v. Broussard,* 560 So.2d 694, *writ denied,* 566 So.2d 981 (La.1990). The State may rely on the legal presumption that a defendant "intended the natural and probable consequences of his act." La.R.S. 15:432.

A petitioner's intoxication at the time of a commission of a crime is immaterial except "[w]here the circumstances indicate that an intoxicated or drugged condition has precluded the presence of a specific criminal intent or of special knowledge required in a particular crime." La.R.S. 14:15(2). Under those circumstances, the intoxication is an affirmative defense, and the burden is on the petitioner to prove the existence of the condition at the time of

the offense. La.R.S. 14:15(2). Thus voluntary intoxication is an affirmative defense to a criminal charge and the burden is on the defendant to prove the existence of the condition at the time of the offense. *State v. Ellis*, 677 So. 2d 617, (La. App. 2d Cir. 1996), *writ denied*, 688 So. 2d 521.

Petitioner relies on the testimony of Patrick Kent, an expert witness who was qualified, without objection from the prosecution, as "an expert in the field of substance abuse." (State rec., vol. 3 of 4, p. 525). Kent opined that at the time of the murder, Petitioner's blood alcohol was .15, approximately one and a half times the legal limit for driving. (State rec., vol. 3 of 4, pp. 527, 535). Based on this estimation, it was Kent's opinion that Petitioner, at the time of the murder, was under the influence of alcohol, but admitted that the amount of alcohol in petitioner's system would not have prevented him from firing a gun. (State rec., vol. 3 of 4, pp. 530, 536.)

Petitioner also relies on the lay testimony of three individuals, Angelic Bertacci, Larry Haik, and Delores Hendrix. However, the fact that lay witnesses smelled alcohol on Petitioner's breath, or that they thought he appeared drunk, is insufficient to overcome the trial court's finding that Petitioner was guilty of second-degree murder and had the specific intent to kill or inflict great bodily harm. Petitioner failed to prove that his intoxication created circumstances such that he was unable to

form the requisite specific intent for second degree murder.

The Louisiana First Circuit's factual recitation reflects that, Joyce Poole, the victim's mother, testified that petitioner was aware that the victim was engaged in a love affair with another man, specifically Dwight Gatewood. According to Poole, the victim was planning, before her murder, to file for legal separation. Numerous other witnesses, including Larry Haik, likewise testified that Lesley and the victim had a troubled relationship. Such a motive, coupled with the fact that even petitioner's expert, Patrick Kent, testified that Petitioner was capable, at the time of the murder, of shooting a gun, provides ample evidence to support a guilty verdict on the charge of second degree murder. Thus, the district court's determination, on post-conviction, that petitioner "had the requisite intent," does not represent an unreasonable application of *Jackson*, on the facts of this case. Petitioner fails to meet his burden on this claim.

**IV. Expert Witness**

Petitioner argues that the trial court erred in allowing Dr. Michael DiFatta, qualified as an expert in forensic pathology, to testify with regard to the position the victim was in when she was shot. According to petitioner, such testimony was within the realm of ballistics, rather than forensic pathology, and therefore, outside of Dr. DiFatta's expertise.

This claim was raised in both petitioner's direct appeal and his state post-conviction application. The Louisiana First Circuit determined that petitioner was barred from raising a challenge to Dr. DiFatta's expertise, noting that petitioner failed to raise a contemporaneous objection at trial. *State v. Lesley*, No. 2003-KA-2498, pp. 13-14.

In reviewing the trial transcript, the Magistrate Judge determined that defense counsel did lodge a general objection to Dr. DiFatta's qualification to testify as an expert in the field of forensic pathology. (Rec. Doc. 15). Defense counsel, however, raised no specific objection to Dr. DiFatta's opinion testimony regarding the position of the victim at the time she was shot. Nor did counsel object to Dr. DiFatta's testimony regarding the location from which the shot was fired.

Accordingly, based on the fact that the issue was addressed in the post-conviction application and counsel did lodge a general objection to Dr. DiFatta's qualifications to offer expert testimony, the instant claim is not procedurally barred. However, for the following reasons, the claim lacks merit.

First, "Dr. DiFatta did not testify to markings on bullets or anything else which is properly part of the field of ballistics." *State v. Lesley*, No. 344576 "I", p. 2 (22nd JDC Aug. 22, 2008). Dr. DiFatta "spoke to the path of the bullet entering the victim, its effect on her, and how her body reacted. All of this flowed from

10

the physical evidence provided by the victim's body. A forensic pathologist's expertise extends to that which can be shown from such physical evidence." *Id.*

Second, in reviewing state court evidentiary rulings, the role of federal courts "is limited to determining whether a trial judge's error is so extreme that it constituted denial of fundamental fairness." *Andrade v. McCotter*, 805 F.2d 1190, 1193 (5th Cir. 1986) *quoting Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985). Furthermore, " 'the erroneous admission of prejudicial testimony justifies habeas corpus relief only when it is "material in the sense of [being a] crucial, critical, highly significant factor." ' " Id.; quoting *Bailey v. Procunier*, 744 F.2d 1166 (5th Cir.1984), and *Skillern v. Estelle*, 720 F.2d 839 (5th Cir.1983), cert. denied, 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984). The trial court's determination that Dr. DiFatta be designated as an expert in forensic pathology and be allowed to offer opinion testimony regarding the position of the victim at the time she was shot and the approximate distance from which the shot was fired is in accordance with state law and infringes no right protected under the Constitution. As such, habeas relief is not warranted. *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967).

Applying this standard to the instant case, it is clear that the alleged evidentiary error asserted by petitioner was not sufficiently egregious to render his trial fundamentally unfair.

Given the extent of other incriminating evidence here, allowing Dr. DiFatta to testify allegedly outside of his field of expertise is hardly a "crucial, critical, highly significant factor" in Petitioner's conviction and sentence. Even if the district court did in fact err in permitting Dr. DiFatta's testimony outside of his area of expertise, any resulting prejudice was not of constitutional magnitude requiring a reversal of petitioner's conviction. As petitioner failed to show any right protected under the Constitution was infringed upon, his claim here is without merit.

**V. Sequestration Violation by Victim's Sister**

Louisiana law expressly exempts from a sequestration order the victims and their family members. La. Code Evid. Art. 615(B)(4); *State v. Johnson*, 833 So.2d 508, 511 (La. App. 4th Cir. 2002). Prior to the start of the trial, in accordance with this law the court entered a sequestration order, exempting members of the victim's family, including the victim's sister, Alicia Hendrix. Although technically exempt, the state district court found that Alicia Hendrix violated the spirit of the sequestration order when she admitted under oath that she advised her husband, Stephen Hendrix, not to change his story and that she had left the courtroom because a gun was being held up for display.

Petitioner claims that the court's action, excluding Hendrix

from the courtroom with a warning and threat of jail if she continued her activities, was insufficient, thus entitling him to habeas corpus relief.

The Magistrate Judge correctly agreed with the district court's finding that Hendrix's behavior, although improper, was "not so strong as to prejudice petitioner's trial as there was no indication to suggest her comments influenced any subsequent witness's testimony." (Rec. Doc. No. 14). Hendrix's comments also did not touch on his innocence or guilt. Furthermore, there is no reasonable probability that the verdict might have been different if Hendrix had not violated the trial court's sequestration order. *See Wright v. Florida*, 474 U.S. 1094, 1096 (1986).


## VI. Ineffective Assistance of Counsel

Petitioner's right to the assistance of counsel is guaranteed by both the federal and state constitutions and exists to protect the fundamental right to a fair trial. A claim that counsel's performance is deficient is subject to the two-prong test established in *Strickland v. Washington*. "To establish prejudice, a 'defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010), *quoting Strickland v. Washington*, 466 U.S. 688, 694 (1984). "A reasonable probability is a probability

13

sufficient to undermine confidence in the outcome." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011), citing *Strickland*, 466 U.S. at 694.

In *Strickland*, the Supreme Court held that the benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied on as having produced a just result. *Strickland*, 466 U.S. at 684-687. Thus, petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense so as to deprive petitioner of fair proceedings. *Id.* at 687. In considering the allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. (*See United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *State v. Brooks*, 505 So.2d 714 (La.), *cert. denied*, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 383 (1987).)A fair assessment of attorney performance requires that hindsight be eliminated, and that the Court instead reconstruct the counsel's conduct under all of the circumstances of the case. *Strickland*, 466 U.S. at 689.

In the present case, petitioner alleges that counsel was ineffective due to his failure to object to DiFatta's testimony that was outside the realm of his expertise, failure to obtain witnesses to offer testimony regarding his intoxication on the

14

night of the murder, and failure to call as a witness the mental health physician who treated the victim.

As previously stated, the district court found that Dr. DiFatta did not offer testimony outside the scope of his expertise. Accordingly, Magistrate Chasez's Report and Recommendation found that the district court's determination, in regard to objections over Dr. DiFatta's testimony and area of expertise, did not represent an unreasonable application of *Strickland* to the pertinent facts. We agree.

Petitioner further claims that counsel was ineffective due to his failure to call witnesses who would have testified regarding his intoxication on the night of the murder and failure to call the mental health physician who treated the victim.

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are largely speculative." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002), *citing Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). To meet the *Strickland* test for demonstrating prejudice from ineffective counsel, a petitioner "'must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial.'" *Evans*, 285 F.3d at 377, *quoting Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Magistrate Judge Chasez held "[w]ith regard to counsel's

alleged failure to call witnesses who would have provided evidence to the effect that petitioner was intoxicated at the time of the murder, as the district court noted, '[e]xpert evidence was produced by the defense at trial about petitioner's intoxication…' *State v. Lesley*, No. 344576 "I", p. 4 (22nd JDC Aug. 22, 2008)." (Rec. Doc. 14). As previously noted, defense counsel called substance abuse expert Patrick Kent who opined that petitioner's alcohol level at the time of the murder was .15, approximately one and a half times the legal limit for driving. Lay witnesses who saw petitioner shortly after the murder also provided testimony to the effect that he smelled of alcohol and/or seemed to be drunk.

With regard to petitioner's claim that counsel was ineffective because he failed to call as a witness the mental health physician who treated the victim, defense counsel "subpoenaed the nurse who was the custodian of the psychiatric records of the victim…" *State v. Lesley*, No. 344576 "I", p. 5 (22nd JDC Aug. 22, 2008). As the Magistrate held, "[t]he fact that counsel chose to introduce evidence of the victim's depression via her psychiatric records rather than via testimony from her treating physician, as the district court determined, 'is a trial strategy decision, and petitioner has not shown his trial counsel to have performed deficiently.'" *Id.*

Thus, the above determination on the part of the district

16

court does not represent an unreasonable application of *Strickland*

to the facts of this case.


### CONCLUSION

Accordingly, the instant petition for habeas relief is

**DENIED.**


New Orleans, Louisiana, this 8th day of June, 2011.


_____

       IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE